IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLENN RILEY BURKE,

           Plaintiff,

   v.

JEANAMARIE FISHER, ANGIE BRANDENBURG, BARBRA MCCULLOUGH, ERIC EBY, STEVE HOHENSEE, MARK LUNDERVOLD, HEIDI WOOSTER, JENNA MORRISON, CLACKAMAS COUNTY SHERIFF'S DEPT., and CLACKAMAS COUNTY JAIL,

           Defendants.

Case No. 3:23-cv-00255-SI

ORDER TO DISMISS

SIMON, District Judge.

Plaintiff, incarcerated at the Clackamas County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint (#2) is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff alleges that on March 13, 2022, Defendant Fisher caused him emotional stress by "blocking phone numbers, email address, visiting privileges, also making inappropriate

1 - ORDER TO DISMISS

commences concerning matters out of her control" such as his parenting skills and the mental health of his sister. Complaint (#3), p. 5. Plaintiff alleges that all of the other Defendants were complicit in this misconduct because, despite lifting the "blocked numbers" and restrictions on his visiting privileges, they did not resolve that matter of Fisher's involvement in his personal matters. Plaintiff concludes that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. He asks the Court to award him compensatory and punitive damages.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and

affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In order to establish an Eighth Amendment violation, a prisoner must make an objective showing that he was deprived of something "sufficiently serious" that implicates the "minimal civilized measure of life's necessities." *Id; Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff must also make a subjective showing that the deprivation he endured was the result of deliberate indifference to his health or safety on the part of the defendants. *Farmer*, 511 U.S. at 834-35. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id* at 835.

In this case, Plaintiff alleges that Defendant Fisher violated his rights in three particulars. First, he claims that Defendant Fisher temporarily deprived him of telephone privileges to the extent that certain phone numbers were "blocked." Any such deprivation is not of a constitutional dimension, however, because "[p]risoners have no per se constitutional right to use a telephone." *United States v. Footman,* 215 F.3d 145, 155 (1st Cir.2000); *see also Valdez v. Rosenbaum,* 302 F.3d 1039, 1048 (9th Cir. 2002).

Plaintiff also asserts that Defendant Fisher verbally harassed him when she criticized his parenting skills and made disparaging comments about his sister. Such verbal abuse by a prison

3 - ORDER TO DISMISS

official does not amount to a constitutional violation. *Oltarzerski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Lastly, Plaintiff claims that he suffered temporary suspension of his visiting privileges as a result of Fisher's actions. It is not clear to what extent she restricted those privileges, but nothing Plaintiff alleges in his Complaint points to a deprivation so serious that it caused him "unquestioned and serious deprivations of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He therefore fails to state a valid an Eighth Amendment claim for pleading purposes.

Plaintiff also attempts to establish Eighth Amendment liability as to Defendants Brandenburg, McCullough, Eby, Hohensee, Lundervold, Wooster, and Morrison by pointing out that they: (1) operated in a supervisory role to Fisher; and (2) did not provide Plaintiff with sufficient relief when they responded to his grievances. Even if Plaintiff had pled a valid Eighth Amendment claim, his claims as to these Defendants would fail. Not only does the denial of grievance fail to support a constitutional claim, *Evans v. Skolnik*, 637 F. App'x 285, 288 (9th Cir. 2015), but there is no respondeat superior theory of liability under 42 U.S.C. § 1983. *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978). Instead, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996).

Finally, Plaintiff brings suit against the Clackamas County Jail and the Clackamas County Sheriff's Department. In order to establish municipal liability, a plaintiff must ordinarily

show that the deprivation of his rights occurred as a result of an official policy or custom or that the municipality ratified the unlawful conduct. *Monell v.,* 436 U.S. at 690-91; *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). Plaintiff makes no such allegations here. For all of these reasons, Plaintiff fails to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

April 6, 2023
DATE

Michael H. Simon
United States District Judge

5 - ORDER TO DISMISS